UNITED STATES of America, Plaintiff–Appellee,

v.

Rodolfo GARCIA, also known as Rafael Guereca, Defendant–Appellant.

No. 93–2512.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1996.

Decided March 22, 1996.

Alan N. Grossman (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, Barry Rand Elden, Chief of Appeals, Kathleen T. Murdock, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, Jay C. Fenton, Office of the United States Attorney, Chicago, IL, for Plaintiff-Appellee.

Patrick T. Driscoll, Jr., Patricia O'Brien (argued), Hickey, Driscoll, Kurfirst, Patterson & Melia, Chicago, IL, for Defendant-Appellant.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

COFFEY, Circuit Judge.

Rodolfo Garcia, also known as Rafael Guereca, was convicted by a jury of conspiracy to distribute heroin and distribution of

heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to life imprisonment. Guereca's attorney moved to withdraw as appellate counsel, see *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which we denied finding that the claim that the government engaged in sentencing manipulation was nonfrivolous. *United States v. Garcia,* unpublished order Nos. 93–2512 & 93–3881, 1995 WL 131495 (March 23, 1995). Guereca now appeals raising only the question of whether the government manipulated his sentence by continuing to buy heroin from Guereca. We affirm, rejecting the theory of sentencing manipulation. We assume familiarity with the facts discussed in our previous order, supra, and will briefly review those facts relevant to this appeal.

### I.

Using a confidential informant to arrange the initial meeting with Guereca, undercover agent Nikos Eliopoulos, bought heroin from Guereca on four separate occasions. The first buy, on April 7, 1992, was for 2.87 grams. The second buy, on April 15, 1992, was for 22.79 grams. After the money was exchanged on the second buy, Guereca stated that he had an additional ounce and a half of heroin to sell. The resulting third sale, on April 22, 1992, was for 22.79 grams, after which Guereca offered to sell the agent a kilogram of heroin. The government observed Guereca consult with Jose Rivera and receive a package from him at these initial sales. On April 28, 1992, Guereca sold one-half kilogram of heroin, waited until Rivera delivered the second half, and then sold the second half kilogram of heroin. At this last sale, Rivera handed the heroin to the government agent. Guereca and Rivera were then arrested.

### II.

Because Guereca did not object at the sentencing hearing that the government engaged in sentencing manipulation, the standard of review is for plain error. *United States v. Olano,* 507 U.S. 725, 730 – 34, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993); *United States v. King,* 62 F.3d 891, 893 (7th Cir.1995). Sentencing manipulation occurs

when the government engages in improper conduct that has the effect of increasing a defendant's sentence. See *United States v. Cotts,* 14 F.3d 300, 306 n. 2 (7th Cir.1994). This claim is distinct from a claim of sentencing entrapment which occurs when the government causes a defendant initially predisposed to commit a lesser crime to commit a more serious offense. Guereca does not raise a claim of sentencing entrapment, so our holding is restricted to the claim of sentencing manipulation.

Guereca charges that by prolonging the date on which the government arrested him and by continuing to buy heroin from him, the government augmented the total amount of heroin sold to increase his sentence. The circuits are split on whether to recognize sentencing manipulation claims. See *United States v. Okey,* 47 F.3d 238, 240 n. 4 (7th Cir.1995) (recognizing split). In Cotts, we expressed doubts whether such a claim was viable.

> Our inclination, however, is not to subject isolated government conduct to a special brand of scrutiny when its effect is felt in sentence, as opposed to offense, determination. If we are willing to accept the assumption apparently approved by Congress that dealing in greater quantities of drugs is a greater evil, it is not clear to us what the precise legal objection to governmental behavior based on cognizance of relative penal consequences in this area could be (so long as it does not rise to the level of true entrapment or conduct 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes. . . .')

*Cotts,* 14 F.3d at 306 n. 2; but see *United States v. Boyd,* 55 F.3d 239, 241 (7th Cir. 1995) (rejecting the doctrine of outrageous government misconduct); *United States v. Muthana,* 60 F.3d 1217, 1224–25 (7th Cir. 1995) (a sentencing manipulation claim is distinct from a claim of outrageous government conduct). However, we have not determined whether a defendant may rely on a claim of sentencing manipulation in this circuit. Instead, we have examined whether the defendant demonstrated that the government improperly prolonged its investigation in order to increase the sentence, examining such factors as the length of time between the first

offense and the arrest, whether there was an immediate need to arrest the defendant (for instance, if he had committed a violent offense), and whether continued investigations might have ensnared the defendant's co-conspirators. See *Muthana,* 60 F.3d at 1225; *United States v. Messino,* 55 F.3d 1241, 1256–57 (7th Cir.1995); *Okey,* 47 F.3d at 240–41; *United States v. Winston,* 34 F.3d 574, 580 n. 4 (7th Cir.1994); *Cotts,* 14 F.3d at 306 n. 2.

■ We now hold that there is no defense of sentencing manipulation in this circuit. A suspect has no constitutional right to be arrested when the police have probable cause. Cf. *Hoffa v. United States,* 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966) (suspect had no right to be arrested when the government had probable cause to prevent a violation of the Sixth Amendment). It is within the discretion of the police to decide whether delaying the arrest of the suspect will help ensnare co-conspirators, as exemplified by this case, will give the police greater understanding of the nature of the criminal enterprise, or merely will allow the suspect enough "rope to hang himself." Because the Constitution requires the government to prove a suspect is guilty of a crime beyond a reasonable doubt, the government "must be permitted to exercise its own judgment in determining at what point in an investigation enough evidence has been obtained." *United States v. Baker,* 63 F.3d 1478, 1500 (9th Cir.1995).

The government is not the cause of Guereca's predicament: Guereca is. The government did not coerce or unduly influence Guereca to sell heroin. Guereca knew that selling heroin was illegal but persisted in violating the law. He cannot escape full liability now because the government needed additional time to understand his operation and gather information on his co-conspirator. In short, the Constitution does not protect a criminal from himself by requiring the government to arrest the criminal before he commits another crime.

AFFIRMED.