91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fundador COTTS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2100.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided July 11, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Fundador Cotts moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence derived from his jury conviction for drug conspiracy and firearms offenses on the grounds that the conviction violated double jeopardy and that law enforcement agents entrapped him. The district court denied the motion. Cotts appeals, and we affirm.
 
 
 2
 On direct appeal, Cotts raised various challenges to the district court's application of the Sentencing Guidelines. We affirmed in United States v. Cotts, 14 F.3d 300 (7th Cir.1994). As the district court noted, Cotts failed to raise the present challenges to the constitutionality of his conviction on direct appeal and thus must show cause and prejudice in order to bring them on collateral attack. Regardless of whether Cotts can show cause, it is clear that he can not show prejudice because his claims are meritless as a matter of law.
 
 
 3
 In an uncontested civil proceeding brought pursuant to 21 U.S.C. § 881, the government forfeited a substantial sum of cash that Cotts now claims belonged to him. Cotts argues that his subsequent prison sentence inflicted multiple punishment in violation of the Double Jeopardy Clause. This argument is squarely foreclosed by the Supreme Court's recent holding that an in rem civil forfeiture under section 881 is neither "criminal" nor "punishment" within the meaning of double jeopardy. United States v. Ursery, (U.S. June 24, 1996).
 
 
 4
 Cotts next argues, aided by an array of theatrical and ichthyic metaphors, that undercover law enforcement agents conducting the "reverse buy" operation that led to his conviction engaged in "sentencing entrapment" by selling him more cocaine that he had originally intended. He does not contend, however, that he was not predisposed to commit the more serious crime--rather, he concedes that the government "hooked an obliging fish"--and so his claim is really one of "sentencing manipulation," which alleges that the government engaged in improper conduct to increase a predisposed defendant's sentence by permitting him to commit more or greater crimes rather than arresting him. The defense of sentencing manipulation is a dead letter in this circuit. United States v. Garcia, 79 F.3d 74 (7th Cir.1996). To the extent that Cotts alleges that the agents engaged in "outrageous governmental conduct," that defense too is unavailable as an independent ground of reversible error. United States v. Boyd, 55 F.3d 239, 241 (7th Cir.1995).
 
 
 5
 As these claims were incapable of success, the district court committed no error in not granting an evidentiary hearing. Cotts's remaining arguments are patently meritless and need not be addressed. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument in unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)