**UNITED STATES of America, Plaintiff,**

v.

**Jose Carlos DOS SANTOS, Defendant.**

**No. CR–94–0581.**

United States District Court,
E.D. New York.

Oct. 31, 1997.

Bonnie S. Klapper, Asst. U.S. Atty., Hauppauge, NY, for Plaintiff.

Jose Carlos Dos Santos, pro se.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

The defendant, proceeding *pro se,* has filed a "Motion For Relief of Sentence Pursuant to *Coram Nobis.*" He bases his claim for relief upon his contention that he could have been arrested and prosecuted for conspiring to conduct financial transactions involving the proceeds of drug trafficking in violation of 18 U.S.C. § 1956(g) after the first transaction involving $35,000. The government, however, waited to arrest and prosecute him until three more such transactions, involving amounts totaling $110,000, were consummated thus resulting in a higher offense level and a more severe guidelines sentence. In essence, he contends that the government's conduct in that regard was outrageous and to be condemned as sentencing entrapment. He was sentenced following his plea of guilty on January 25, 1995 to a term of forty-six months, to be followed by three years of supervised release. He did not appeal his conviction or sentence. His motion was received in this court on September 3, 1997, but was signed by him in the Federal Correctional Institution at Fort Dix, New Jersey on July 17, 1997 and may thus be deemed to have been filed on that day. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)

### DISCUSSION

The threshold inquiry is whether the Writ of Error Coram Nobis lies or whether it is a patent effort to invoke the ancient writ as a substitute for an appeal. The answer is found in *Foont v. United States,* 93 F.3d 76, 78–79 (2d Cir.1996), which teaches that:

> Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which " 'errors ... of the most fundamental character' " have rendered " 'the proceeding itself irregular and invalid.' " ... A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where "extraordinary circumstances are present." ... The proceedings leading to the petitioner's conviction are presumed to be correct, and "the burden rests on the accused to show otherwise." ... A petitioner seek-

ing such relief must demonstrate that 1) there are " 'circumstances compelling such action to achieve justice,' " ... 2) "sound reasons exist [ ] for failure to seek appropriate earlier relief," ... and 3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting the writ,".... (Citations omitted).

The teaching of *Foont* compels the conclusion that the petitioner can derive no comfort from the Writ of Error Coram Nobis. The petitioner failed to avail himself of a direct appeal from his conviction and sentence, and he cannot recapture that lost opportunity by resorting to Coram Nobis. The Writ is inappropriately invoked for the additional reason that a prerequisite for its use is that the defendant must have completely served his sentence. *See United States v. Woods,* 986 F.2d 669, 676 (3d Cir.1993), *cert. denied,* 510 U.S. 826, 114 S.Ct. 90, 126 L.Ed.2d 58 (1993); *United States v. Stoneman,* 870 F.2d 102, 105–06 (3d Cir.), *cert. denied,* 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989) (the Writ of Coram Nobis "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255"); *United States v. Travers,* 514 F.2d 1171, 1172 (2d Cir.1974) (Friendly, J.) (citing *United States v. Morgan,* 346 U.S. 502, 505, 74 S.Ct. 247, 249, 98 L.Ed. 248 (1954) as establishing that Writ of Error Coram Nobis will lie with respect to a felony conviction when the sentence has been fully served). Dos Santos is still in custody, his sentence has not been fully served and for that reason, too, the writ is not available to him.

The continued viability of the Writ of Error Coram Nobis in federal courts may be open to question. In *Morgan, supra,* the argument was advanced that the enactment of 28 U.S.C. § 2255 covered all the remedies available under Coram Nobis, which was therefore superfluous in federal courts. That argument was rejected by the Court which saw "no compelling reason to reach that conclusion.... 'Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions.' " 346 U.S. at 510–11, 74 S.Ct. at 251–52.

Some forty-two years later, in *Carlisle v. United States,* 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), the Court wrote as follows:

[A] writ of coram nobis ... was traditionally available only to bring before the court factual errors "material to the validity and regularity of the legal proceeding itself," such as the defendant's being under age or having died before the verdict.... Moreover, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." ... As we noted a few years after enactment of the Federal Rules of Criminal Procedure, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate".

517 U.S. at ——–——, 116 S.Ct. at 1467–68. The Court made no reference to *Morgan.* Section 2255 permits a prisoner in custody to move the sentencing court to vacate, set aside or correct a sentence subject to collateral attack which is precisely what Dos Santos is moving the court to do here and for which the writ of coram nobis is, therefore, neither necessary nor appropriate. The defendant's choice of coram nobis may be prompted by the need to avoid the limitation of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA requires a motion pursuant to § 2255 to be filed within one year from the date on which the judgment of conviction becomes final and, for convictions that became final prior to April 24, 1996, the date on which the AEDPA became effective, within a reasonable time thereafter. *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997). Dos Santos was sentenced in January, 1995 and even if he were to be given until April 24, 1997, *see Peterson, supra,* this motion, filed in July 1997, is barred.

In light of the foregoing, there is no necessity to address his claim of sentencing entrapment. Were we to do so, however, his claim would be rejected. *United States v. Garza–Juarez,* 992 F.2d 896, 904 (9th Cir. 1993) (courts do not have the authority to supervise out-of-court executive procedure in

the absence of constitutional or statutory violation); *United States v. Rosa*, 17 F.3d 1531, 1550 (2d Cir.), *cert. denied*, 513 U.S. 879, 115 S.Ct. 211, 130 L.Ed.2d 140 (1994) (court would not inject its view into the government's exercise of discretion as to whether and when its investigation was sufficiently complete that it should have been terminated); *United States v. Knecht*, 55 F.3d 54, 57 (2d Cir.1995) (even where "sentencing entrapment" has been approved in theory, its application has been limited to "outrageous official conduct which overcomes the defendant's will"). That was not the case here. Dos Santos was a willing if not anxious participant in the transactions which were quite profitable for him.

█ Although thus far discussed in terms of sentencing entrapment, Dos Santos' claim is more accurately characterized as sentencing manipulation, which is distinct from the former "which occurs when the government causes a defendant initially predisposed to commit a lesser crime to commit a more serious offense. Sentencing manipulation occurs when the government engages in improper conduct that has the effect of increasing a defendant's sentence." *United States v. Garcia*, 79 F.3d 74, 75 (7th Cir.1996). *Garcia* is the mirror image of this case. There, an undercover government agent bought heroin from the defendant on four separate occasions. The defendant charged that by deferring the date of his arrest by continuing to buy heroin from him the government augmented the total amount of heroin sold to increase his sentence. In rejecting his charge, the court wrote:

> We now hold that there is no defense of sentencing manipulation in this circuit. A suspect has no constitutional right to be arrested when the police have probable cause. *Cf. Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966) (suspect had no right to be arrested when the government had probable cause to prevent a violation of the Sixth Amendment). It is within the discretion of the police to decide whether delaying the arrest of the suspect will help ensnare co-conspirators, as exemplified by this case, will give the police greater understanding

of the nature of the criminal enterprise, or merely will allow the suspect enough "rope to hang himself." Because the Constitution requires the government to prove a suspect is guilty of a crime beyond a reasonable doubt, the government "must be permitted to exercise its own judgment in determining at what point in an investigation enough evidence has been obtained." *United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir.1995).

The government is not the cause of Guereca's predicament: Guereca is. The government did not coerce or unduly influence Guereca to sell heroin. Guereca knew that selling heroin was illegal but persisted in violating the law. He cannot escape full liability now because the government needed additional time to understand his operation and gather information on his co-conspirator. In short, the Constitution does not protect a criminal from himself by requiring the government to arrest the criminal before he commits another crime.

79 F.3d at 76.

Similarly, the government here is not the cause of the predicament in which Dos Santos finds himself, he is.

For all of the foregoing reasons, the defendant's motion is denied.

SO ORDERED.