**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Marcus Montell WILSON,
Defendant–Appellee.**

**No. 97–1772.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1997.

Decided Nov. 19, 1997.

Jeffrey B. Lang (argued), Office of the United States Attorney, Rock Island, IL, for Plaintiff–Appellant.

Michael J. Galvin (argued), Galvin & Galvin, Rock Island, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Marcus Wilson, a crack dealer and enforcer for the Gangster Disciples in the Quad Cities, bought an "eighth" of crack cocaine from Steven Pike. (An "eighth" is ⅛ of a kilogram, 125 grams or 4½ ounces.) Wilson did not know at the time that Pike, recently arrested for drug distribution, had flipped and was assisting investigators. Negotiations between Pike and Wilson were recorded on audio tape, the sale on videotape. Wilson pleaded guilty to possessing more than 50 grams of crack cocaine with intent to distribute, a crime that carries a minimum penalty of 10 years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii).

Wilson asked for and received a much lower sentence: 30 months' imprisonment. The judge rightly concluded that although the indictment and plea agreement identify the drug as crack, the court possesses the authority to determine which drug, or drug variant, a defendant is accountable for. *United States v. Edwards*, 105 F.3d 1179 (7th Cir.), cert. granted, —— U.S. ——, 118 S.Ct. 334, 139 L.Ed.2d 259 (1997). Wilson contended—and the tapes bore this out—that he preferred to buy powder cocaine and convert it to crack himself, to ensure uniform quality for his customers. When Pike told Wilson that only crack was available, however, Wilson bought crack. He characterized Pike's offer (which we assume can be traced to decisions of the agents conducting the investigation) as "sentencing entrapment" or "sentencing manipulation." Entrapment it was not. Wilson was predisposed to commit crack offenses (selling crack was his profession), and agents did not provide the means to commit a crime that Wilson otherwise

could not have committed. None of the elements of entrapment has been made out. See *Jacobson v. United States*, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992); *United States v. Hollingsworth*, 27 F.3d 1196 (7th Cir.1994) (en banc). Wilson was offered a criminal opportunity and took it; that he esteemed a different criminal opportunity more highly is irrelevant. If Wilson did not want to risk the higher penalties that attend crack transactions, all he had to do was say no and walk away.

The district judge did not find that Wilson had been entrapped. Instead he explained:

The Court is satisfied that the defendant knew that he was buying crack cocaine. The Court is further satisfied that the defendant agreed to buy four and a half ounces of powder cocaine. The Court does not think the defendant should be held responsible for four and a half ounces of crack because of the government's involvement. It seems to the Court that the government structured this situation so that Mr. Pike had only crack cocaine to sell to the defendant. And, yes, the defendant agreed to buy it. But it seems to me that it's not—it's not right for the government to structure this deal to make it crack and the enhanced penalties, when they knew that the defendant was interested in powder. That's obvious from the August 5 conversation that he was interested in powder, not crack. And knowing that the government structured the situation so that there was only crack available on which he agreed to buy, that doesn't excuse the defendant. It's simply that I think the government should be held to a high standard of not involving that type of involvement. For that reason the Court finds that the amount of drug the defendant's responsible for is four and a half ounces of powder cocaine.

In other words, the judge asserted an equitable power to sentence a defendant as if the defendant had committed the crime he preferred to commit, rather than the crime he actually committed.

█ "As-if" sentencing is not authorized by federal law. Both the statutes and the Sentencing Guidelines require judges to sentence defendants for their actual crimes. *United States v. Garcia*, 79 F.3d 74 (7th Cir.1996), holds that "sentencing manipulation"—perhaps the best description of the conduct in which the agents engaged—does not justify a sentence different from the one prescribed by the Guidelines, which is to say the sentence based on the defendant's crime and the associated relevant conduct. And there is a further obstacle to the district court's approach: the statutory minimum sentence.

A judge must impose a sentence of at least 10 years if the defendant possessed with intent to distribute "50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base". 21 U.S.C. § 841(b)(1)(A)(iii). Clause (ii) refers to a "mixture or substance containing a detectable amount of ... cocaine, its salts, optical and geometric isomers, and salts of isomers". The formula "mixture or substance containing a detectable amount" does not leave room for equitable adjustments. That is the upshot of *Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), which holds that a mixture that is almost entirely inert must be treated the same as 100% LSD, if the carrier contains a detectable quantity of LSD. See also *Neal v. United States*, 516 U.S. 284, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). *Chapman* and *Neal* argued that it was inequitable, if not unconstitutional, to impose identical sentences on two persons, one of whom distributed 5 grams of 100% LSD, and the other of whom distributed 5 grams of 0.001% LSD. *Chapman* rejects that argument and requires sentencing under the terms of the statute. Straightforward application of this principle obliges the district court to sentence Wilson to a 10–year term, because he possessed cocaine base (crack) with intent to distribute that drug. We would have a different situation if a defendant believed that he was buying one drug and the seller secretly furnished another with a higher penalty (if, say, the defendant thought he was buying powder cocaine, but the seller laced the cocaine with LSD that was detectable only by scientific testing). Then the defendant could not be said to intend to distribute the mixture he received. Wilson,

however, intended to distribute crack; the only question was whether he would buy ready-made crack or buy powder and turn it into crack himself. The district judge found that Wilson knew that the substance he possessed and intended to distribute was crack; he must therefore be resentenced within the Guidelines to a term of at least 10 years.

REVERSED AND REMANDED.