NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007
Decided March 21, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3260

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 1:05-CR-10061-MMM-JAG-1 |
| KEVIN G. HUTCHINGS, *Defendant-Appellant*. | Michael M. Mihm, *Judge.* |

## O R D E R

Kevin G. Hutchings pleaded guilty to one count of conspiracy to distribute methamphetamine and cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). During the plea colloquy Hutchings admitted that the conspiracy involved more than five kilograms of cocaine. The district court calculated a total offense level of 37 and a criminal history category of VI, which yielded a guidelines imprisonment range of 360 months to life. But Hutchings had multiple prior convictions for felony drug offenses, and given the drug quantity the court was statutorily required to sentence him to a term of life imprisonment, *id.* § 841(b)(1)(A), which it did. Hutchings appeals, but his attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous grounds for appeal. We

invited Hutchings to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the points discussed in counsel's facially adequate brief and Hutchings's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

In his *Anders* brief, counsel considers whether Hutchings might challenge the voluntariness of his guilty plea. But Hutchings has given no indication that he wishes to have his plea vacated, and thus we need not consider this potential argument. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel and Hutchings also consider arguing that there is a double jeopardy violation arising out of Hutchings's conviction in the United States District Court for the Northern District of Ohio in 2003 for possession with intent to distribute two kilograms of cocaine. Hutchings asserts that his sales of drugs in Ohio and Illinois were part of the same conspiracy and therefore should not have been charged as separate crimes. But even if Hutchings's assertion is true, a substantive crime and a conspiracy to commit that crime are separate offenses, *United States v. Felix*, 503 U.S. 378, 389 (1992), and thus his claim would be meritless. Regardless, Hutchings waived any potential double jeopardy claim by entering an unconditional plea of guilty. *United States v. Broce*, 488 U.S. 563, 571 (1989); *Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006).

Counsel and Hutchings also consider whether Hutchings might argue that he was denied his right to a speedy trial. But as counsel notes, Hutchings never moved to dismiss the indictment on the ground that his prosecution violated the Speedy Trial Act, and thus he waived any statutory argument on appeal. *See* 18 U.S.C. § 3162(a)(2); *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006). Nor can Hutchings make out a violation of his speedy trial right under the Sixth Amendment because his guilty plea waived any such claim. *United States v. Gaertner*, 583 F.2d 308, 311 (7th Cir. 1978). A speedy-trial claim thus would be frivolous.

Counsel and Hutchings also consider whether Hutchings might argue that the lapse of time between the alleged end of the conspiracy "in or about 2003" and the return of the indictment in August 2005 violated his right to due process. In his Rule 51(b) response, Hutchings asserts that the delay of approximately two years deprived him of "a chance to cooperate for a lighter sentence." The statute of limitations for a particular crime is the primary protection against unreasonable prosecutorial delay, though a defendant can establish a due process violation if the delay "caused actual and substantial prejudice to the defendant's right to a fair trial." *United States v. Henderson*, 337 F.3d 914, 919–20 (7th Cir. 2003). The defendant cannot rely on mere speculative harm but must establish prejudice with specific facts supported by evidence. *Id.* at 920. Here, Hutchings's right to a fair

trial was not prejudiced because he elected to plead guilty rather than go to trial. And missing out on a speculative opportunity to cooperate with the government is not the same as being actually prejudiced at trial. In any event, Hutchings's unconditional guilty plea waived any claim of pre-indictment delay on appeal. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Cain*, 134 F.3d 1345, 1352–53 (8th Cir. 1998); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam). Thus, this potential argument would be frivolous.

Counsel also considers arguing that a mandatory term of life imprisonment for a non-violent offense is a disproportionate sentence which violates the Eighth Amendment's bar on cruel and unusual punishment. But the Supreme Court has rejected the argument that a sentence which is not otherwise cruel and unusual—such as life in prison—becomes so simply because it is mandatory. *Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991). And we have explicitly rejected the argument that life imprisonment without the possibility of parole for drug trafficking is cruel and unusual punishment in violation of the Eighth Amendment. *United States v. Kramer*, 955 F.2d 479, 488 (7th Cir. 1992); *see also United States v. Cannon*, 429 F.3d 1158, 1161 (7th Cir. 2005).

Hutchings also raises the potential argument that law enforcement agents, after becoming aware of his illegal activities, improperly allowed him to continue selling drugs for approximately seven months so that the drug quantity would be high enough to yield a life sentence. But it is within the discretion of law enforcement to decide whether delaying the arrest of a suspect will help ensnare co-conspirators, give the police a better understanding of the nature of the criminal enterprise, or merely allow the suspect enough "rope to hang himself." *United States v. Wagner*, 467 F.3d 1085, 1090 (7th Cir. 2006); *United States v. Garcia*, 79 F.3d 74, 76 (7th Cir. 1996). So this contention is also frivolous.

Finally, counsel and Hutchings consider whether Hutchings could argue that he received ineffective assistance of counsel. In his Rule 51(b) response, Hutchings alleges that trial counsel "never once discussed a defense or encouraged me to wait for a plea agreement." A defendant who claims that his guilty plea was induced by his lawyer's deficient performance must show that counsel's performance was objectively unreasonable and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985); *Bethel v. United States*, 458 F.3d 711, 716–17 (7th Cir. 2006). We have said repeatedly, however, that ineffective-assistance claims are better saved for collateral attacks under 28 U.S.C. § 2255 where the factual record can be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Spence*, 450 F.3d 691, 694 (7th Cir. 2006). Therefore we do not address Hutchings's ineffective assistance claim and, if he wishes, he may raise it in a subsequent § 2255 motion.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.