NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 23, 2008\*

Decided June 4, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| **No**.  07-3768 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | |
| **v.** | |
| RAFAEL GUERECA, also known as RODOLFO GARCIA, <br> *Defendant-Appellant*. | No. 92 CR 326 <br> Harry D. Leinenweber, *Judge*. |

**Order**

Almost a decade after we affirmed his conviction on direct appeal, 79 F.3d 74 (7th Cir. 1996), Rafael Guereca filed in the criminal case what he styled a motion for

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

relief from judgment under Fed. R. Civ. P. 60(b). The district court denied this motion, and Guereca has appealed.

If this is indeed a motion in the criminal case, then the appeal is untimely, because the defendant had only 10 days to appeal in a criminal proceeding, see Fed. R. App. P. 4(b), and Guereca took more than 40.

Guereca appears to have confused criminal with civil proceedings. Civil Rule 60(b) applies only to civil cases; it has no operation in criminal prosecutions. If Guereca had filed a collateral attack under 28 U.S.C. §2255, a proceeding classified as civil, then he might have been able to use Civil Rule 60(b) to reopen the judgment. (We say "might" because many motions nominally under Rule 60(b) are properly classified as successive collateral attacks, which district judges may not entertain without prior approval by this court. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).) But Guereca has not commenced a proceeding under §2255, so this motion must have been in the criminal case.

The "Rule 60(b) motion" probably should have been treated as a motion under §2255, see *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004), but the district judge did not give Guereca the warning required by *Castro v. United States*, 540 U.S. 375 (2004). Because the motion thus remained one in the criminal case, the appeal must be dismissed for lack of jurisdiction. The appeal would be dismissed even if we were to apply the 90-day civil period, because if this proceeding were deemed a collateral attack Guereca would need a certificate of appealability, see *West v. Schneiter*, 485 F.3d 393 (7th Cir. 2007), and he does not meet the statutory standards for one. Guereca should understand, moreover, that the time limit for a proper §2255 motion has long since expired, and that there is no point in filing such a motion in the district court unless the criteria of §2255(f) are satisfied.

APPEAL DISMISSED.