# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 13, 2015           May 15, 2015

No. 12-3022

UNITED STATES OF AMERICA,
APPELLEE

v.

JOHN BIGLEY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cr-00282-1)

*Jonathan S. Jeffress*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A.J. Kramer*, Federal Public Defender.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *David B. Kent*, Assistant U.S. Attorneys.

Before: GARLAND, *Chief Judge*, BROWN, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

Opinion filed for the Court PER CURIAM. Concurring Opinion filed by *Circuit Judge* BROWN.

PER CURIAM: Before *United States v. Booker*, 543 U.S. 220 (2005), rendered the U.S. Sentencing Guidelines advisory, we forbade district courts from relying on sentencing manipulation as a basis for mitigation. *See United States v. Walls*, 70 F.3d 1323, 1329–30 (D.C. Cir. 1995). But *Booker* and its offspring fundamentally changed the sentencing calculus, requiring courts to now consider any mitigation argument related to the sentencing factors contained in 18 U.S.C. § 3553(a) when imposing a sentence within the statutory range of punishment. *See Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1241–48 (2011); *Kimbrough v. United States*, 552 U.S. 85, 101–02 (2007); *Rita v. United States*, 551 U.S. 338, 357 (2007). A sentencing court, post-*Booker*, must consider nonfrivolous arguments for mitigation, even if those arguments were previously prohibited under the mandatory guidelines regime. Because the district court failed to consider a nonfrivolous claim of sentencing manipulation when it pronounced its sentence, we vacate the sentence and remand.

I

A Metropolitan Police undercover operative, Detective Timothy Palchak, engaged in a private online chat with John Bigley, in an Internet chat room frequented by individuals with a sexual interest in prepubescent children. Bigley's profile stated he was 75 years old and living in New Castle, Pennsylvania.

Their conversations were sordid and graphic; and the prurient details need not be repeated here. Palchak pretended to have a sexual relationship with his girlfriend's 12-year-old

daughter, "Christi." Bigley was "very interested" in traveling to Washington D.C. to get sexual access to Christi and expressed interest when Palchak said he had nude photographs of Christi. Palchak raised the idea of Bigley taking photographs of Christi during his visit and, in a later conversation, Palchak advised Bigley to bring a digital camera on his trip.

When Bigley arrived in Washington D.C., the police arrested him. Officers discovered a camera in his car, but after conducting a search of his residence, they found no child pornography.

Bigley was charged with one count of interstate travel with intent to engage in illicit sexual conduct with a minor. *See* 18 U.S.C. § 2423(b). He pled guilty. When the probation office calculated his advisory sentencing guideline range, it employed the Section 2G1.3(c)(1) cross-reference guideline provision, which requires the application of Section 2G2.1 when an offense involves "causing, transporting, permitting, or offering . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G1.3(c)(1). By applying Section 2G2.1, Bigley's base offense level increased from 24 to 32, which, when the other guideline calculations were made, boosted his sentence guideline range from 46 to 57 months to 135 to 168 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A (sentencing table).

At sentencing, Bigley argued for a variance from the advisory guideline range. Bigley claimed Palchak purposely introduced the camera into their conversations to manipulate and increase Bigley's sentence. Because a much lower offense level would have applied without the application of Section 2G2.1, Bigley argued the sentencing factors contained

in 18 U.S.C. § 3553(a) supported a sentence of either 24 or 36 months imprisonment.

The district court imposed a sentence of 84 months, stating:

> The Court imposes this sentence which is a departure from the guidelines, having considered all of the factors under 3553(A), but in light of the seriousness of the offense, the Court believes that this sentence is the appropriate one under the guidelines, taking into account your age and the lack of any prior criminal record, but nonetheless this is a very serious offense that the Court has to take as seriously as Congress has mandated.

Sentencing Transcripts at 15–16, United States v. Bigley, No. 11-00282 (D.D.C. July 18, 2012) ("Sent. Tr."). The court did not address Bigley's sentencing manipulation argument. Nor did Bigley object to the court's statement of reasons.

## II

Bigley now claims the district court committed procedural error by failing to address his nonfrivolous sentencing manipulation argument when imposing the sentence.

When a defendant fails to timely raise a procedural reasonableness objection at sentencing, this Court reviews for plain error. *See United States v. Ransom*, 756 F.3d 770, 773 (D.C. Cir. 2014) ("Ransom acknowledges that at sentencing he did not object to his sentence[ ] . . . we review the district court's sentencing procedures for plain error."); *United States v. Locke*, 664 F.3d 353, 357 (D.C. Cir. 2011) ("Because

Locke did not challenge the adequacy of the district court's statement of reasons below, we review her claim for plain error.").

Bigley nonetheless contends de novo review, rather than the more demanding plain error standard, applies because there was no opportunity to object to the district court's procedural error. We need not decide whether Bigley had the requisite opportunity to object because, as we explain below, the plain error standard is met in any event.

## III

The crux of Bigley's sentencing claim is that even if the more punitive guideline provision for child pornography applied, the court should have imposed a "non-guideline sentence" and issued a downward variance from the guideline range. App. 34. Bigley claims the government purposely manipulated his sentence by inserting a camera into the discussion. To bolster his claim that the real offense conduct did not involve child pornography, Bigley noted the exhaustive search of his residence and camera revealed no images of child pornography—providing the inference that he was not predisposed to committing a child pornography offense had Palchak not introduced the topic into their discussion. This argument went to the nature of the offense, a relevant sentencing factor, *see* 18 U.S.C. § 3553(a), and was nonfrivolous.

When a district court confronts a nonfrivolous argument for a sentence below the relevant guideline range, it must consider it. *See Locke*, 664 F.3d at 357 (holding Section 3553(c) "requires that the court provide a 'reasoned basis' for its decision and consider all 'nonfrivolous reasons' asserted for an alternative sentence") (citing *Rita*, 551 U.S. at 356–57).

"In fact, so long as the judge provides a 'reasoned basis for exercising his own legal decisionmaking authority,' we generally presume that he adequately considered the arguments and will uphold the sentence if it is otherwise reasonable." *Locke*, 664 F.3d at 358. But, here, the presumption is rebutted by the district court's silence in the face of a sentencing manipulation argument for mitigation, along with the government's concession that the court may have thought—consistent with the government's assumption—it could not reduce Bigley's sentence based on sentencing manipulation. Oral Arg. Recording 19:30-21:15. Thus, the court's failure to consider Bigley's nonfrivolous sentencing argument was error.

The government contends *United States v. Walls*, 70 F.3d 1323 (D.C. Cir. 1995), and its progeny stand for the proposition that a sentencing manipulation argument may never "be a basis for a reduced sentence in this jurisdiction." Br. of Appellee at 24, United States v. Bigley, No. 12-3022 (D.C. Cir. July 9, 2014). As an initial matter, *Walls* and its ilk are inapposite. The two defendants in *Walls* brought a due process sentencing entrapment claim after receiving mandatory life sentences pursuant to statute, not the sentencing guidelines. 70 F.3d at 1325. And the district court in *United States v. Shepherd* sentenced the defendant below the applicable statutory mandatory minimum based on sentencing manipulation. 102 F.3d 558, 566 (D.C. Cir. 1996). In both cases, the Court held defendants could bring due process sentencing manipulation claims to challenge only their conviction, not their sentence. *Walls*, 70 F.3d at 1329; *Shepherd*, 102 F.3d at 566–67. But bringing a constitutional challenge seeking imposition of a sentence outside the statutory range is far different than a request for a judge to consider varying the sentence within the appropriate statutory range. The former requires a defendant to prove a

constitutional violation; the latter merely requires a defendant to request mitigation of his sentence based on sentencing factors contained within Section 3553(a). *See Gall v. United States*, 552 U.S. 38, 63–64 (2007).

Our decisions in *United States v. Hinds*, 329 F.3d 184 (D.C. Cir. 2003), and *United States v. Glover*, 153 F.3d 749 (D.C. Cir. 1998), are also distinguishable. In *Hinds*, the defendant claimed the sentencing court erred in failing to reduce his base offense level under the guidelines due to government sentencing manipulation, and we concluded such arguments were not a proper legal basis to challenge a sentence. 329 F.3d at 190. But here, by contrast, Bigley requested a downward variance after acknowledging the correctly calculated guideline range. In *Glover*, the Court again rejected a claim of sentencing entrapment. But unlike *Walls* and *Shepherd*, the Court simply rejected the claim on the merits, finding no evidence the government "orchestrated" a crime carrying a stiffer penalty. 153 F.3d at 756–57.

*United States v. Webb*, 134 F.3d 403 (D.C. Cir. 1998), is closer to the mark. The district court there departed downward from the guideline range due to an undercover police officer making multiple drug buys from the defendant before finally arresting him. We noted—despite the district court's reluctance to use the label—that the departure was based on sentencing manipulation, and we reaffirmed the guidelines provide no basis for such a departure. *Id*. at 409.

As to the government's larger point—sentencing manipulation can never be a basis for a reduced sentence in this jurisdiction—the *Walls* line of decisions is incompatible with the Supreme Court's post-*Booker* precedents. *See Pepper*, 131 S. Ct. at 1241–48 (holding that forbidden pre-*Booker* departure for post-conviction rehabilitation could be

considered as a factor justifying a variance); *United States v. Beltran*, 571 F.3d 1013, 1019 (10th Cir. 2009) ("However, after *Booker*, a claim of sentencing factor manipulation may also be raised as a request for a variance based on § 3553(a)'s requirement that a district court consider the nature and circumstances of the offense."). Sentencing courts, post-*Booker*, can issue a variance from the advisory guidelines range without the need for a pre-*Booker* departure, and can issue a variance on the same grounds that were previously forbidden for departures. *See Pepper*, 131 S. Ct. at 1241–42 (holding there is no "basis for the courts to invent a blanket prohibition against considering certain types of evidence at sentencing"). If the district court relied on the *Walls* line of cases in denying Bigley's sentencing manipulation argument, as the government agrees the court "probably" did, Oral Arg. Recording 19:30-21:15, that too was error.

By failing to consider the defendant's nonfrivolous mitigation argument, the district court committed plain error. The Supreme Court's post-*Booker* decisions required sentencing courts to consider nonfrivolous mitigation arguments at sentencing; *Walls* does not seem to apply to Bigley's request for a variance from the guideline range based on sentencing manipulation; and even if the *Walls* line of decisions is deemed applicable, they are incompatible with the post-*Booker* advisory guideline regime. *See In re Sealed Case*, 573 F.3d 844, 851 (D.C. Cir. 2009) (error is plain "if it contradicts . . . Supreme Court precedent").

In the sentencing context, the plain error standard further requires only that the defendant "show a reasonable likelihood" that the sentencing court's plain error "affected his sentence." *In re Sealed Case*, 573 F.3d at 852 (quoting *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994)); *see id*. at 853. Here, that burden is met by the government's own

concession. At oral argument, government counsel conceded the judge "probably" thought—just as the prosecutor did—the court lacked authority to vary downward from the Guidelines based on Bigley's sentencing entrapment argument. *See* Oral Arg. Recording 19:30-21:00. The government, moreover, agreed the entire case came down to a question of whether a judge can consider sentencing entrapment post-*Booker*, *id.* at 21:00-21:20, and if this Court concluded the government's view on that question was wrong, then the defendant had been prejudiced, *id.* at 1930-21:00, 33:00-33:50. We have so concluded.

In order to meet plain error review, a defendant must also show the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 736 (1993). We said, in *In re Sealed Case*, "[a] district judge must adequately explain the chosen sentence to promote the perception of fair sentencing," which "is important not only for the defendant but also for the public to learn why the defendant received a particular sentence." 527 F.3d at 193. When a judge fails to address a defendant's nonfrivolous mitigation claim based on a 18 U.S.C. § 3553(a) sentencing factor, a reviewing court and the public cannot adequately evaluate the judge's sentence selection. Moreover, where, as here, a district court may have thought it was prohibited, as a matter of law, from considering a claim for mitigation, the error seriously affects the public reputation of judicial proceedings. *See United States v. Terrell*, 696 F.3d 1257, 1263–64 (D.C. Cir. 2012) (reversing for plain error a district court's mistake on the scope of its sentencing discretion).

Because this case meets the standard for plain error, we vacate defendant's sentence and remand for further proceedings consistent with this opinion. In doing so, we

emphasize that this disposition in no way requires the district court to shorten the sentence on remand. Rather, the district court remains free to resentence the defendant appropriately.

IV

For the foregoing reasons, we vacate Bigley's sentence and remand for resentencing in accordance with this opinion.

*So ordered.*

BROWN, *Circuit Judge*, concurring: After the Supreme Court declared the Sentencing Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), and required a very deferential form of reasonableness review, *see Gall v. United States*, 552 U.S. 38, 51–53 (2007), there is very little left for an appellate court to do in reviewing federal sentences. That said, we must still ensure a sentencing judge considered all of the 18 U.S.C. § 3553(a) sentencing factors, including defendants' nonfrivolous arguments for mitigation directed at those factors. As a practical matter, effective review depends on the trial judge's transparency in addressing his considerations—however lightly—on the record or in written orders.

A majority of circuits require judges to address a defendant's nonfrivolous arguments for a sentence below the advisory Sentencing Guideline range. *E.g.*, *United States v. Poulin*, 745 F.3d 796, 801 (7th Cir. 2014) (holding the sentencing judge must "consider" a nonfrivolous sentencing argument and "provide reasons explaining his acceptance or rejection of it"); *United States v. Corsey*, 723 F.3d 366, 376–77 (2d Cir. 2013) (reversing for, *inter alia*, the district court's failure to address defendant's nonfrivolous argument); *United States v. Trujillo*, 713 F.3d 1003, 1011 (9th Cir. 2013) ("Trujillo presented nonfrivolous arguments, and the district court did not at all explain the reasons for rejecting them; this was legal error."); *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010) (holding the district court failed to address the defendant's "nonfrivolous reasons for imposing a different sentence"); *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009) (holding the district court inadequately addressed defendant's argument for a downward departure from the Guideline range); *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008), *abrogated on other grounds by United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) ("[A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution

properly raises a ground of recognized legal merit . . . and the court fails to address it"); *United States v. Peters*, 512 F.3d 787, 788 (6th Cir. 2008) (reversing because "the District Court did not address the defendant's 'time-served' argument").

"Sentencing is a responsibility heavy enough without our adding formulaic or ritualized burdens." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008). I am not indifferent to concerns about saddling busy district courts with more procedural loads and I appreciate this court's reluctance. But the burden of providing a brief explanation is small and the advantages great. "Most obviously, [an explanation] requirement helps to ensure that district courts actually consider the statutory factors and reach reasoned decisions." *Id.* at 193; *see also In re Sealed Case*, 527 F.3d 188, 192 (D.C. Cir. 2008) ("The requirements that a sentencing judge provide a specific reason for a departure and that he commit that reason to writing work together to ensure a sentence is well-considered."). It also promotes the "perception of fair sentencing," *Gall*, 552 U.S. at 50, and "helps the sentencing process evolve by informing the ongoing work of the Sentencing Commission," *Cavera*, 550 F.3d at 193. When a sentencing court responds to a defendant's arguments, it "communicates a message of respect for defendants, strengthening what social psychologists call 'procedural justice effects,' thereby advancing fundamental purposes of the Sentencing Reform Act." *See* Michael M. O'Hear, *Explaining Sentences*, 36 FLA. ST. U. L. REV. 459, 472 (2009). The requirement also assures an adequate record with which we can conduct "meaningful appellate review." *Gall*, 552 U.S. at 50.[1] Consequently, I would join the majority of

---

[1] Requiring a sentencing court to both consider and address a defendant's argument for mitigation also can affect outcomes. *See*

circuits in holding district courts should address a defendant's nonfrivolous argument for a variance from the Guideline range.

The court relies on the government's concession that the district court "probably" believed it was prohibited by our case law from considering sentencing manipulation as a basis for a variance from the advisory Guideline range. Maj. Op. at 6 (citing Oral Arg. Recording 19:30-21:15). But we are required to "conduct an independent review" of a legal issue, despite the government's concession on appeal. *United States v. Russell*, 600 F.3d 631, 636 (D.C. Cir. 2010). More importantly, although the government claimed the district court probably believed it was prohibited by *United States v. Walls*, 70 F.3d 1323 (D.C. Cir. 1995), and its progeny, from considering Bigley's sentencing manipulation argument, the government never presented the *Walls* argument to the district court—either in its sentencing memorandum or during the sentencing hearing. Thus, it seems odd to find, as the court did, that the district court erred in failing to consider Bigley's sentencing manipulation claim based on an argument the government never presented. I would rather have the district court's explanation than the government's dubious concession.

I concur in the judgment.

---

Jennifer Niles Coffin, *Where Procedure Meets Substance: Making the Most of the Need for Adequate Explanation in Federal Sentencing,* CHAMPION, Mar. 2012, at 36 ("When courts of appeals insist that the district courts fully address the evidence and arguments presented by the parties regarding the appropriate sentence, and then explain their decision to accept or reject those arguments, actual outcomes are different on remand, sometimes significantly so.").