[Cite as *State v. Tannert*, 2016-Ohio-7046.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103550**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON TANNERT

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588785-A

**BEFORE:** Stewart, J., Jones, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 29, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Marc Bullard
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Brandon Tannert was the subject of a buy-bust drug transaction in which he sold ecstacy to an informant working for an undercover agent for the Bureau of Alcohol, Tobacco, and Firearms. In addition to the sale of drugs, the agent asked the informant to arrange for Tannert to sell the agent a firearm during the drug transaction. After first refusing to sell the firearm, Tannert relented and engaged in active negotiation over price. The buy went forward and Tannert was charged with drug trafficking and drug possession. Both counts contained one-year firearm specifications.

{¶2} At trial, Tannert claimed that he had been the victim of entrapment — that the agent intentionally combined a lawful firearm transaction (Tannert was licensed to carry a concealed firearm and there was no question that he could legally sell the gun) with the illegal drug transaction. The court rejected Tannert's entrapment defense, albeit declaring that it was "troubled" by the decision. The sole issue on appeal is whether the court's rejection of Tannert's entrapment defense was against the manifest weight of the evidence.

{¶3} "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged *offense* and induce its commission in order to prosecute." (Emphasis added.) *State v. Doran*, 5 Ohio St.3d 187, 190, 449 N.E.2d 1295 (1983), paragraph one of the syllabus. A firearm specification under R.C.

2941.141 is not a criminal offense; it is a penalty enhancement. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 219. By definition, the affirmative defense of entrapment is inapplicable to sentencing enhancements, so any discussion of the court's rejection of an entrapment defense to the firearm specification is irrelevant. The trial court did not err by rejecting Tannert's entrapment defense.

{¶4} What Tannert really appears to be arguing is that the state engaged in "sentencing manipulation" as distinct from "sentencing entrapment." Sentencing entrapment occurs when the state causes a defendant, initially predisposed to commit a lesser crime, to commit a more serious crime. Sentencing manipulation occurs when the state engages in improper conduct that has the effect of increasing a defendant's sentence. *United States v. Turner*, 569 F.3d 637, 641 (7th Cir.2009), citing *United States v. Garcia*, 79 F.3d 74, 75 (7th Cir.1996). Sentencing manipulation arguments are typically made in federal court, where government misconduct may be a basis for a downward departure or variance from the federal sentencing guidelines. *See, e.g., United States v. Bigley*, 786 F.3d 11 (D.C.Cir.2015); *United States v. Fontes*, 415 F.3d 174, 180 (1st Cir.2005); *but see Garcia*, *supra* (rejecting the sentencing manipulation doctrine).

{¶5} Tannert claims that the state, via the informant, badgered him to sell the weapon so that he would be in possession of it during the drug transaction — this permitted the state to attach a firearm specification to the drug trafficking count. Tannert argues that the trial court wrongfully convicted him of the specification and thus improperly enhanced his sentence. Those arguments are unavailing in Ohio.

{¶6} Tannert does not dispute that he was in possession of a firearm while committing the drug offense. And because the firearm specification in this case applies when "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense," R.C. 2941.141(A), it did not matter that Tannert had been licensed to carry a concealed weapon. The mere possession of the firearm, whether lawful or not, while drug trafficking was sufficient to prove the firearm specification.

{¶7} And even assuming for the sake of argument that Tannert was induced or badgered to sell the gun simultaneously to the drug transaction, there is nothing in the record that indicates such an inducement was misconduct on the part of law enforcement or was done solely for the purpose of penalty enhancement. The agent testified that he first learned from the informant that Tannert wanted to sell the firearm. Desiring to get guns "off the street," the agent arranged to buy the firearm at the same time he purchased the drugs. The agent testified that he arranged to buy the firearm from Tannert to "get that off [Tannert's] hands" in light of "the people that Mr. Tannert was involved with based on again on what [the informant] was telling us." There is no evidence that the agent arranged to buy the firearm to hang a firearm specification on Tannert.

{¶8} Additionally, Tannert's argument that the firearm specification would not apply if he had, for instance, sold the drugs in the house and sold the gun in the car is not supported by case law. This court has consistently upheld convictions for firearm specifications when a firearm was around or in close proximity to drug-related offenses.

*See State v. Benton,* 8th Dist. Cuyahoga No. 82810, 2004-Ohio-3116 (upholding firearm specification where the defendant was arrested in his home and drugs and a firearm were found in his wife's car in a detached garage); *State v. White*, 8th Dist. Cuyahoga No. 82495, 2004-Ohio-228 (affirming conviction for drug trafficking with a one-year firearm specification when firearm was located in a bedroom of the house); *State v. Easterly*, 8th Dist. Cuyahoga No. 94797, 2011-Ohio-215 (upholding firearm specification where defendant was arrested in one part of building and drugs and a gun were found in defendant's office).

{¶9} The court's finding of guilt on the firearm specification was not in error. The sentencing judge, therefore, had no discretion to refuse to impose a term of incarceration for the firearm specification. *See* R.C. 2929.14(B)(1)(a) ("Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court *shall* impose on the offender one of the following prison terms * * *."). (Emphasis added.)

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE


FRANK D. CELEBREZZE, JR., J., CONCURS;
LARRY A. JONES, SR., A.J., DISSENTS (WITH SEPARATE OPINION)

LARRY A. JONES, SR., A.J., DISSENTING:

{¶11} I respectfully dissent from the majority's judgment and analysis. I recognize that a firearm specification is "'not a separate offense, but, rather, a sentencing provision that enhances the penalty for the associated predicate offense.'" *State v. Capp*, 8th Dist. Cuyahoga No. 102919, 2016-Ohio 295, ¶ 27, quoting *State v. Noor*, 10th Dist. Franklin No. 13AP-165, 2014-Ohio-3397, ¶ 51, fn. 2. I also recognize that the affirmative defense of entrapment relates to a criminal "offense." *State v. Doran*, 5 Ohio St.3d 187, 192, 449 N.E.2d 1295 (1983). But I would decline to apply a rigid application of what constitutes a criminal "offense," as I believe the majority does, to reach what I believe is an unjust result.[1]

_____

[1] *See, e.g., Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (The fact that New Jersey labeled the hate crime a "sentence enhancement" rather than a separate

**{¶12}** Although a firearm specification is not a separate, "stand-alone" offense, it nonetheless is subject to the same measures of the predicate offense — it must be charged in the indictment, it can be subject to plea negotiations, and the state is required to prove it beyond a reasonable doubt. Thus, I would hold that the entrapment defense can apply to sentencing enhancements.

**{¶13}** Although I have not found an Ohio state case on point, I note that under the federal system, a sentence enhancement for possession of a gun during a drug-trafficking crime is not applicable where the defendant shows that he was entrapped into possessing the gun. *See, e.g., United States v. Parilla*, 114 F.3d 124, 127 (9th Cir.1997), citing the United States Sentencing Guidelines.

**{¶14}** In light of the above, I would find Tannert's sole assignment of error well taken, reverse the conviction on the firearm specifications, and remand for a new trial solely on the specifications.[2]

---

criminal act was irrelevant for constitutional purposes. *Id.* at 478. "As a matter of simple justice, it seemed obvious that the procedural safeguards designed to protect" a defendant from punishment for the possession of a firearm should apply equally to his violation of the hate crime statute. *Id.* at 476. "Merely using the label 'sentence enhancement' to describe the latter did not provide a principled basis for treating the two crimes differently." *Id.*)

[2] *See State v. Moss*, 6th Dist. Lucas No. L-91-126, 1992 Ohio App. LEXIS 3176 (June 19, 1992) ("Neither the Rules of Criminal Procedure nor Ohio statutes require that a new trial be granted as to both the firearm specification as well as the underlying offense where the only error occurred in the firearm specification charge.") *Id.* at 3.