**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ruben CAMPOS–BANOS, Defendant—**
**Appellant.**

**No. 03–30236.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Nov. 18, 2003.

Judith R. Harper, Esq., USME–Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Lynn Shepard, Esq., Eugene, OR, for Defendant–Appellant.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Ruben Campos–Banos pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), and being an alien in possession of a firearm, 18 U.S.C. § 922(g)(5). He contends on appeal that the district court erred by finding that he possessed a

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

gun—a finding that increased his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) and precluded a reduction under U.S.S.G. § 2D1.1(b)(6). We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

## DISCUSSION

We agree with the district court that Campos–Banos possessed a gun for purposes of applying § 2D1.1(b)(1). The court found that a gun was displayed during the drug negotiations and was in the car during the drug transfer. The court found that Campos–Banos placed his hand on the gun during the negotiations—a finding supported by the undisputed evidence of Campos–Banos's fingerprints on the gun. These findings are not clearly erroneous and support the conclusion that Campos–Banos had actual possession of a firearm. We reject Campos–Banos's contention that the gun was not "connected with the offense" because it was allegedly not used in a threatening manner.

Campos–Banos argues that it is improper to enhance his drug sentence under § 2D1.1(b)(1) because he was also punished under § 922 for possessing the same gun. He relies on cases prohibiting "double counting" when a defendant is convicted under 18 U.S.C. § 924(c). *See United States v. Aquino,* 242 F.3d 859, 864–65 (9th Cir.2001). That reliance is misplaced. The Sentencing Guidelines expressly preclude double counting for § 924(c) convictions. *See id.* (citing U.S.S.G. § 2K2.4, comment. (n.2)). There is no such provision, however, for § 922(g) convictions. *See United States v. Archdale,* 229 F.3d 861, 869 (9th Cir.2000) (noting that the Sentencing Commission "plainly understands the concept of double counting and expressly forbids it where it is not intended") (internal quotation omitted). Moreover, there is no impermissible double counting in Campos–Banos's sentence. *See*

*United States v. Romero,* 293 F.3d 1120, 1123 (9th Cir.2002) (explaining impermissible double counting); *United States v. Reese,* 2 F.3d 870, 894–95 (9th Cir.1993) (same). Campos–Banos's conviction under § 922(g) is for conduct separate and distinct from the drug offense. Further, unlike a conviction under § 924(c), which carries a mandatory, *consecutive* sentence, Campos–Banos's § 922(g) conviction resulted in a concurrent sentence that did not add to his incarceration.

Finally, Campos–Banos challenges the district court's denial of a reduction under § 2D1.1(b)(6). His reliance on *United States v. Nelson,* 222 F.3d 545 (9th Cir.2000), is misplaced. There, we vacated and remanded the defendant's sentence because the district court imposed an incorrect burden of proof in rejecting the § 2D1.1(b)(6) reduction. That is not the case here. Rather, the district court properly denied the reduction because it correctly found that Campos–Banos possessed a gun during the commission of his offense.

**AFFIRMED.**