# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1191

_____

United States of America,                           *
                                                    *
            Appellee,                               *
                                                    *     Appeal from the United States
    v.                                              *     District Court for the
                                                    *     Western District of Missouri.
Larry A. Pierce,                                    *
                                                    *         [PUBLISHED]
            Appellant.                              *

_____

Submitted:  October 29, 2004
    Filed:  November 9, 2004

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Larry Pierce pleaded guilty to possessing anhydrous ammonia for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. § 843(a)(6), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  In the plea agreement, the parties anticipated that the counts would be grouped under U.S. Sentencing Guidelines Manual (USSG) § 3D1.2, Pierce would have a base offense level of 30 based on being held responsible for 35-50 grams of actual methamphetamine, he would receive a 2-level enhancement under USSG § 2D1.1(b)(1) for possessing a firearm in connection with the drug offense, he

would receive a 3-level reduction under USSG § 3E1.1 for acceptance of responsibility, and he would face a maximum sentence of 10 years in prison.

The presentence report also calculated that Pierce's maximum prison sentence would be 10 years, although his Guidelines range was higher. At sentencing, however, the district court[1] noticed that this was an error: the parties and the probation officer had overlooked USSG § 5G1.2, which governs sentencing on multiple counts of conviction. The district court adjourned the sentencing hearing to allow the parties and the probation officer to research this issue. The probation officer filed an addendum acknowledging his error and noting that, under § 5G1.2(d), the sentence on the drug count and the sentence on the firearm count had to run consecutively to the extent necessary to achieve the total punishment determined under the Guidelines. As such, Pierce's maximum prison sentence would be 10 years *on each count*, for a total of 20 years.

As relevant to this appeal, Pierce raised two objections to the presentence report. First, he disagreed with the recommendation that he should receive a 2-level enhancement under USSG § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to others while fleeing from law enforcement. Second, he argued that it was impermissible double-counting to assess the 2-level enhancement under § 2D1.1(b)(1) for possessing a firearm in connection with the drug offense because the same firearm formed the basis of his firearm conviction.

When sentencing reconvened two months later, the government called Lieutenant Shawn Collie of the Buchanan County, Missouri Drug Strike Force to testify regarding Pierce's conduct while fleeing from law enforcement. He testified as follows. During surveillance, police observed anhydrous ammonia being loaded

---

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

into Pierce's pickup truck. Pierce drove away, and police followed. Collie pulled his vehicle in front of Pierce's truck, and another officer pulled his vehicle behind Pierce's truck. They activated their lights and attempted to apprehend Pierce. Pierce then rammed Collie's vehicle with his truck two or more times before veering off and striking parked cars. Pierce ran from his truck and was apprehended by a canine officer. On the basis of this testimony, the district court overruled Pierce's objection to the § 3C1.2 enhancement.

After hearing argument, the district court also rejected Pierce's double-counting claim regarding the § 2D1.1(b)(1) enhancement. Pierce's total offense level was 31, resulting in a Guidelines imprisonment range of 135-168 months. The district court sentenced him to 168 months in prison–structured as a 120-month sentence on the drug conviction and a consecutive 48-month sentence on the firearm conviction–and three years of supervised release.

Pierce appeals, renewing the two arguments he presented below. We reject each argument and affirm.

First, we conclude that the district court did not clearly err in applying the § 3C1.2 enhancement because, when Pierce rammed Lieutenant Collie's vehicle with his truck multiple times and then collided with parked cars, he recklessly created a substantial risk of death or serious bodily injury to others. See United States v. Cook, 356 F.3d 913, 917 (8th Cir. 2004) (standard of review); United States v. Miner, 108 F.3d 967, 970 (8th Cir.) (applying the enhancement where the defendant rammed his car into a police roadblock and engaged in other pursuit-related conduct that created a substantial risk of serious injury to others), cert. denied, 522 U.S. 904 (1997).

Second, even assuming for the sake of argument that Pierce's double-counting claim is not foreclosed by his acknowledgment in the plea agreement that he would receive the § 2D1.1(b)(1) enhancement, but see United States v. Fairchild, 189 F.3d 769, 780 (8th Cir. 1999), we reject this argument on its merits after *de novo* review. In calculating a defendant's offense level for a drug conviction, it does not constitute impermissible double-counting to apply a § 2D1.1(b)(1) enhancement, even though the defendant has also been convicted under § 922(g)(1) for possessing the same firearm. See United States v. Taylor, 248 F.3d 506, 517 (6th Cir.), cert. denied, 534 U.S. 981 (2001); United States v. Gibbs, 190 F.3d 188, 216 (3d Cir. 1999), cert. denied, 528 U.S. 1131 and 529 U.S. 1030 (2000); United States v. Campos-Banos, 86 Fed. App. 225, 227 (9th Cir. 2003) (unpublished).

Accordingly, we affirm the judgment of the district court, but we modify it to correct a clerical error. The district court structured Pierce's sentence as a 120-month sentence on the drug conviction and a consecutive 48-month sentence on the firearm conviction. The correct way to structure Pierce's sentence is as a 120-month sentence on the drug conviction and a 120-month sentence on the firearm conviction, with 48 months of the sentence on the firearm conviction to be served consecutively to Pierce's service of the sentence on the drug conviction. See USSG § 5G1.2, comment. (n.1) (to the extent possible, "the total punishment is to be imposed on each count"); United States v. Evans, 314 F.3d 329, 332 (8th Cir. 2002) ("Had the district court applied Part 5G, it would have first imposed the statutory maximum sentence on each count, because each was less than the total punishment. Then, applying § 5G1.2(d), the court would have made 156 months of the second 240-month maximum sentence consecutive to the first 240-month maximum sentence, producing the

396-month total punishment."), <u>cert. denied</u>, 539 U.S. 916 (2003). We so modify the judgment of the district court and, as modified, we affirm the judgment.[2]

———————————————————

[2]Subsequent to briefing, Pierce indicated he would like to file a supplemental brief in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The court will not entertain briefing on <u>Blakely</u> issues until after the Supreme Court issues its opinions in <u>United States v. Booker</u> and <u>United States v. Fanfan</u>. <u>See</u> Administrative Order Regarding <u>Blakely</u> Cases, United States Court of Appeals for the Eighth Circuit, Sept. 27, 2004.