NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0328n.06
Filed: April 28, 2005

No. 04-1344

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| SHANTEL HENDERSON, | ) | |
| | ) | |
| Defendant-Appellee | ) | |

BEFORE: DAUGHTREY and CLAY, Circuit Judges, and GRAHAM,[1] District Judge.

GRAHAM, District Judge. Defendant-appellee Shantel Henderson was indicted by a grand jury in the Eastern District of Michigan on February 27, 2003. Defendant was charged in count one of the indictment with illegally possessing firearms after having been convicted of a felony in violation of 18 U.S.C. § 922(g). She was charged in count two of the indictment with the offense of possession of cocaine base with the intent to distribute it, and in counts three and four with the offense of distribution of cocaine base, all in violation of 21 U.S.C. § 841(a)(1). On July 14, 2003, defendant entered guilty pleas to counts one and three of the indictment pursuant to a written plea agreement.

In the presentence investigation report, the probation officer

_____

[1]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

calculated the applicable sentencing range under the Sentencing Guidelines ("U.S.S.G."). The probation officer first determined the offense level applicable to the firearm offense by referring to U.S.S.G. § 2K2.1. The probation officer employed a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) for the commission of the offense following a felony conviction for a crime of violence. The probation officer then applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because defendant possessed the firearm in connection with another felony offense–the drug offense in this case–yielding an adjusted offense level of 24.

The probation officer then calculated the base offense level for the drug offense. The probation officer arrived at a base offense level of 26 under U.S.S.G. § 2D1.1(a)(3) based on a total quantity of 11.43 grams of cocaine base considered as relevant conduct. Under U.S.S.G. § 2D1.1(b)(1), two additional levels were added for possession of a firearm during the offense, resulting in an adjusted offense level of 28.

The probation officer then grouped the two counts pursuant to U.S.S.G. § 3D1.2(c). Since the adjusted offense level for the drug offense was higher than the adjusted offense level for the firearm offense, the combined adjusted offense level for the two offenses was determined to be 28, pursuant to U.S.S.G. § 3D1.3(a). The probation officer then deducted three levels for acceptance of responsibility pursuant to § 3E1.1, resulting in a total offense

2

level of 25.  With a Criminal History Category II, defendant's guideline imprisonment range was 63 to 78 months.

At a sentencing hearing held on December 11, 2003, the district court determined that the proper offense level was 23. The court concluded that the enhancement for possession of a firearm during the drug offense would constitute impermissible double counting since defendant was also charged with a firearm count.  The court also declined to add the four-level enhancement applicable to the firearm count on the ground that adding an enhancement for use of the firearm during a drug offense would constitute double counting since defendant had also pleaded guilty to the drug offense.  The court adjourned the sentencing hearing to permit the government to research the legal issues presented by the court's rulings.  At the final sentencing hearing held on January 12, 2004, the court adhered to its previous rulings and concluded that the appropriate total offense level was 23, Criminal History Category II, resulting in a sentencing range of 51 to 63 months. The government objected to the district court's rulings.  The court sentenced the defendant to a term of imprisonment of 51 months. The government then filed the instant appeal.

The government argues that the application of the enhancements mandated by the Guidelines in this case does not constitute impermissible double counting.  The government relies on *United States v. Taylor*, 248 F.3d 506 (6th Cir. 2001).  In *Taylor*, the

defendant was convicted for both being a felon in possession of a firearm and various drug offenses. He argued that the application of the two-level enhancement due to his possession of a weapon in connection with a drug offense was double counting and violated the principles of double jeopardy due to the fact that he was also sentenced for being a felon in possession of the same weapon. *Id*. at 516. Citing *United States v. Gibbs*, 190 F.3d 188, 215-16 (3d Cir. 1999), this court concluded that the use of the enhancement did not violate the defendant's protection against double jeopardy because the defendant's possession of a weapon was the basis for one offense and a mandatory ground for enhancement in a separate offense with different requirements. *Id*. at 517. *See also Witte v. United States*, 515 U.S. 389, 395 (1995)(use of relevant conduct to increase the punishment of a charged offense does not punish the offender for that relevant conduct). This court further noted that since the drug and felon in possession offenses were grouped, so that the felon in possession offense was effectively disregarded in arriving at the offense level, the application of the enhancement to the drug offense did not place the defendant in double jeopardy or result in double counting. *Id*. The reasoning in *Gibbs* and *Taylor* was subsequently adopted by the Eighth Circuit in *United States v. Pierce*, 388 F.3d 1136, 1138-39 (8th Cir. 2004).

Defendant argues that her case is distinguishable from *Taylor*. She contends that because her possession of a firearm during the

drug offenses could be viewed as evidence supporting an intent to distribute, it was an element of the drug offense. She argues that the two offenses involved the same act or transaction and the same harm, and that, therefore, the drug offense also embodied the conduct treated separately as the firearm offense.

Defendant is incorrect in arguing that her possession of a firearm may be viewed as an element of the drug offenses. The essential elements required to prove the offense of distribution of cocaine base are that the defendant: (1) knowingly and intentionally distributed cocaine base, (2) on or about the date alleged in the indictment, (3) knowing that the substance was cocaine base. *United States v. Gibbs*, 182 F.3d 408, 433 (6th Cir. 1999). Similarly, the elements of the offense of possession with the intent to distribute a controlled substance are that the defendant: (1) knowingly possessed a controlled substance, (2) with the intent to distribute it, (3) on or about the date alleged in the indictment. *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001). In contrast, the elements of the offense of felon in possession of a firearm are that the defendant: (1) possessed a firearm, (2) on or about the date alleged in the indictment, (3) having previously been convicted of a felony. *United States v. Harris*, 293 F.3d 970, 975 (6th Cir. 2002).

As we held in *Taylor*, the drug charges and the felon in possession of a firearm charge in this case are separate offenses

5

with different requirements. *Taylor*, 248 F.3d at 517. The mandatory use of the possession of a weapon under § 2D1.1(b)(1) as relevant conduct to enhance the sentencing range for the drug offense and the mandatory enhancement of the separate firearm offense under § 2K2.1(b)(5) with the relevant conduct that the firearm was possessed in connection with the drug offense did not result in impermissible double counting or a violation of double jeopardy principles. *Id.* Further, as in *Taylor*, the drug and firearm offenses in this case were grouped in arriving at the appropriate sentencing range under the Guidelines, and thus the firearm charge, with its enhancement, was effectively disregarded in arriving at the offense level. *Id.*

We conclude that *Taylor* controls, and that the district court erred in failing to apply the sentencing enhancements specified in § 2D1.1(b)(1) and § 2K2.1(b)(5). Therefore, this case must be remanded for resentencing. It should be noted that while this appeal was pending, the United States Supreme Court rendered a decision in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005), holding that the Sentencing Guidelines are no longer mandatory. However, since, under 18 U.S.C. §3553(a)(4)(A), the sentencing range dictated by the Sentencing Guidelines is still a factor which must be considered by the district court in imposing sentence, the correct calculation of the sentencing range under the Guidelines is still relevant to the court's sentencing

6

determination on remand.

Therefore, the defendant's sentence is VACATED, and this matter is REMANDED to the district court for resentencing in accordance with the foregoing opinion and *United States v. Booker*.