**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4712**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LINCOLN MONROE BROCK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
District Judge. (CR-03-429)

Submitted:  January 27, 2006          Decided:  February 28, 2006

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Lisa S. Costner, Winston-Salem, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Randall S. Galyon,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lincoln Monroe Brock was convicted by a jury of three counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.. §§ 841(a)(1) and (b)(1)(B); and one count of possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to a total of 186 months imprisonment, followed by six years of supervised release.

On appeal, Brock asserts that the district court erred in denying his motion for judgment of acquittal as to the firearm charge because the evidence presented by the government was insufficient to prove that he possessed, used or carried the firearm at issue.

We review de novo the denial of a Rule 29 motion for a judgment of acquittal. See United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). We must sustain a jury verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (internal quotation marks omitted).

2

We have defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Id.  And we "remain cognizant of the fact that the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  Id. (internal quotation marks and alteration omitted).

During execution of a search warrant at a residence believed to belong to Brock, officers found 6.7 grams of cocaine base in a closet in the front bedroom.  A safe containing intimate photographs of Brock and his wife were also in the closet.  Letters addressed to Brock from his wife and various other personal documents bearing Brock's name were found in a shoebox in the same bedroom.  The firearm, a 12-gauge shotgun, was found between the bed and the closet in the same bedroom, with ammunition nearby.  In addition, the government presented evidence that Brock told a federal agent that he had possessed the shotgun taken from him on April 1, 2003, for three years.

We find that the evidence was sufficient to support the firearm conviction based upon Brock's possession of the 12-gauge shotgun found in the bedroom.  See United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997) (Constructive possession exists when "the defendant exercised, or had the power to exercise, dominion and control over the item." (internal quotation marks omitted)).

3

Accordingly, the district court did not err in denying Brock's motion for judgment of acquittal and we affirm his conviction on the count.

Brock next contends that he is entitled to be resentenced in light of United States v. Booker, 125 S. Ct. 738 (2005), because his sentence was enhanced based on facts not found by the jury in violation of his Sixth Amendment rights.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. See 543 U.S. at 750. The Court remedied the constitutional violation by severing two statutory provisions and thereby making the guidelines advisory. See id. at 756-67. After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a), and impose a sentence. If a district court imposes a sentence outside the guideline range, the court must state its reasons for doing so as required by 18 U.S.C. § 3553(c)(2). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547. Because Brock preserved his Sixth Amendment claim in the trial court, "we must reverse unless we find this constitutional error harmless beyond a

4

reasonable doubt, with the Government bearing the burden of proving harmlessness." United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).

Here, the district court established a base offense level of twenty-eight based upon a determination of the quantity of controlled substances. See United States Sentencing Guideline ("USSG") §2D1.1. Because a firearm was possessed, the offense level was increased by two pursuant to USSG § 2D1.1(b)(1), for a total offense level of thirty. Brock was further found to have a criminal history category of VI, based upon fourteen criminal history points. Two of the fourteen criminal history points were added pursuant to USSG § 4A1.1(e), based upon a finding that Brock had committed the instant offense within two years of his release from imprisonment. With a total offense level of thirty, and a criminal history category of VI, Brock's recommended guideline range was 168 to 210 months. The district court treated the guidelines as mandatory and imposed a total term of 186 months imprisonment and eight years supervised release. However, the district court noted that, without the enhancement for possession of the weapon and the two additional criminal history points, Brock's total offense level would be 28 and his criminal history would be V, resulting in a guideline range of 130 to 162 months imprisonment, followed by a term of 6 years of supervised release.

See <u>United States v. Hammoud</u>, 381 F.3d 316, 353 (4th Cir. 2004) (en banc), judgment vacated, 125 S. Ct. 1051 (2005). Thus, the maximum sentence under the guidelines without the judge-found facts was below even the minimum sentence that could have been imposed under the mandatory scheme. The government concedes that <u>Booker</u> error occurred based upon the criminal history finding and that resentencing is appropriate. We agree, and therefore vacate Brock's sentence and remand for resentencing.

Accordingly, we affirm Brock's conviction, vacate his sentence, and remand for resentencing in accordance with <u>Booker</u>. We deny Booker's motion to relieve counsel, supplemental motion to relieve counsel, and motion for production of documents. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>