NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2007
Decided April 6, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3146

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 1:05CR00082-001 |
| DEMETREOUS BROWN, *Defendant-Appellant*. | Larry J. McKinney, *Chief Judge*. |

**O R D E R**

Demetreous Brown pleaded guilty to one count of conspiring with intent to distribute more than 50 grams of crack and more than five kilograms of a substance containing cocaine, *see* 18 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii)-(iii), eleven counts of distributing crack cocaine, *see* 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(iii), and one count of possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1). The district court sentenced him to 220 months in prison. Brown appealed, but his counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Brown opposed his attorney's submission, *see* Cir. R. 51(b), and moved for appointment of new counsel.

We limit our review to the potential issues identified by counsel and Brown.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Brown in his Rule 51(b) response says that he wants his conviction vacated, and we construe this as a desire to withdraw his guilty plea.[1]  He did not move to withdraw his plea in the district court, so our review would be for plain error.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).  Brown asserts essentially that he should be allowed to withdraw his plea because it was not knowing and voluntary.  He says that his plea was not knowing and voluntary because he did not understand the nature of the conspiracy charge against him, *see* Fed. R. Crim. P. 11(b)(1)(G).  Had he understood the charge, he says, he would have known that he had meritorious defenses against it.  For instance, he asserts that his eleven sales of crack to a government agent establish only that he was accused of "conspiring with the government" or that he was merely a buyer/seller of drugs, rather than a conspirator.

But the record does not support Brown's claims.  Not only did the superceding indictment properly charge a conspiracy among Brown and nine non-government agents, but the district court also substantially complied with Rule 11 of the Federal Rules of Criminal Procedure, as it was required to do to ensure that Brown's guilty plea is knowing and voluntary, *see United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).  Conspiracy is "generally considered a rather complicated offense," *see id.* at 689, but Brown has not argued that factors such as his age, intelligence, or education affected his understanding of the consequences of his plea.  The district court properly explained the conspiracy charge by telling Brown its elements and the burden of proof that the government would have to bear.  Further, the government proffered evidence supporting a conspiracy, including evidence that Brown and others worked together to sell drugs and a gun and to avoid police detection; communicated about upcoming drug shipments and fears of police surveillance; and replaced their cell phones as soon as Brown thought he saw undercover officers.  Where, as here, the district court explains the conspiracy charge, and the government provides the factual basis for it, it will suffice to ensure

---

[1]  Although we construe the nature of his challenge as one to the voluntariness of his plea, Brown in fact labels this claim as one for ineffective assistance of counsel.  He basically charges counsel with failing to recognize and inform him about the law and defenses to the charges against him.  To the extent Brown wishes to raise ineffective assistance of counsel claims, however, those are best brought in a collateral attack.  *See, e.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

that the guilty plea was knowing and voluntary.  *See id.*  Any such challenge here would be frivolous.

We turn next to counsel's consideration of whether Brown could challenge his sentence.  Counsel first evaluates whether the district court should have credited Brown's claim that the government engaged in sentencing manipulation by purchasing crack from him eleven times before arresting him.  Under the doctrine of sentencing manipulation, a sentencing court may not use evidence to increase a defendant's sentence "if the government procured the evidence through outrageous conduct" just to increase the defendant's guidelines imprisonment range.  *United States v. Wagner*, 467 F.3d 1085, 1090 (7th Cir. 2006) (quoting *United States v. Messino*, 55 F.3d 1241, 1256 (7th Cir. 1995)).  But sentencing manipulation is not recognized as a defense in this circuit; "[i]t is within the discretion of law enforcement to decide whether delaying the arrest of the suspect will help ensnare co-conspirators, give the law enforcement greater understanding of the nature of the criminal enterprise, or allow the suspect enough 'rope to hang himself.'"  *Id.* (quoting *United States v. Garcia*, 79 F.3d 74, 75 (7th Cir. 1996)).  Counsel correctly concludes that the district court properly rejected Brown's argument.

Counsel also questions whether Brown could challenge the district court's use of the 100:1 sentencing disparity between crack cocaine and powder cocaine in calculating Brown's sentencing range.  But a district court must to follow the 100:1 ratio in calculating defendant's guidelines range because the ratio reflects the "policy choices made by Congress and by the Sentencing Commission."  *United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006).  A challenge to Brown's sentence on this ground would be frivolous.

Counsel also considers whether Brown could challenge the reasonableness of his sentence under 18 U.S.C. § 3553(a).  Counsel questions whether Brown could argue that his tragic personal background, which included one parent's murder and the other's suicide, merited a lower sentence.

Brown's sentence falls within the properly calculated guidelines range and would therefore be presumed reasonable.  *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  *Cf. United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide whether presuming sentence within guidelines range to be reasonable is consistent with *United States v. Booker*, 543 U.S. 220 (2005)).  With or without a presumption of reasonableness, however, a reasonableness challenge here would be frivolous because the district court properly considered the sentencing factors in 18 U.S.C. § 3553(a) in arriving at Brown's sentence.  The court considered Brown's properly calculated guidelines range, *see id.* § 3553(a)(4),

Brown's criminal history, *see id.* § 3553(a)(1), the seriousness of the current offenses, *see id.* § 3553(a)(2)(A), Brown's difficult childhood experiences of losing both parents, *see id.* § 3553(a)(1), the supportive letters written by Brown's family, *see id.* § 3553(a)(1), the need for deterrence, *see id.* § 3553(a)(2)(B), and the need to protect the public, *see id.* § 3553(a)(2)(C). Because there were "an awful lot of drugs" involved and because the conviction involved a gun, which raised a "possibility of violence," *see id.* § 3553(a)(2)(A), the court found that a sentence within the guidelines range was appropriate. The court therefore sentenced Brown to 220 months' imprisonment on the drug counts and 120 months' imprisonment on the gun count. Counsel has not identified any factors within 18 U.S.C. § 3553(a) that would compel a lower sentence.

Finally, Brown raises two more challenges that are readily refuted. First, he argues that he was unaware that he was being charged with distributing crack cocaine, as opposed to other forms of cocaine base. But the superceding indictment, to which he pleaded guilty, charged him with eleven counts of distributing "crack," and the government's proffered evidence repeatedly referred to Brown's sales of "crack," so a challenge on that basis would be frivolous. Second, he challenges the district court's calculation of his offense level, suggesting that the district court double-counted his firearm possession by adding two levels to his offense level for his possession of a firearm in connection with the drug offenses, *see* U.S.S.G. § 2D1.1(b), when he had already pleaded guilty to possessing the same firearm as a felon, *see* 18 U.S.C. § 922(g)(1). But it is not double-counting to add two levels under § 2D1.1(b) where the defendant has pleaded guilty to a separate § 922(g)(1) offense involving the same firearm, *see United States v. Pierce*, 388 F.3d 1136, 1138-39 (8th Cir. 2004); *United States v. Taylor*, 248 F.3d 506, 516-17 (6th Cir. 2001). Any challenge to the guidelines calculation on this basis would be frivolous.

Brown's remaining challenges to his sentence are also frivolous and merit no discussion.

Accordingly, counsel's motion to withdraw is GRANTED, Brown's motion to appoint substitute counsel is DENIED, and the appeal is DISMISSED.