NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0271n.06
Filed: April 12, 2007

No. 05-6908

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARLAN MITCHELL, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Appellant. | ) | |

Before: SILER and SUTTON, Circuit Judges; JORDAN, District Judge.[*]

PER CURIAM. Marlan Mitchell appeals his 262-month sentence, which the district court imposed after we vacated his original sentence (of 288 months) and remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). Because the district court did not commit reversible error in resentencing Mitchell, we affirm.

I.

On August 23, 2002, a jury convicted Mitchell of committing one drug offense, *see* 21 U.S.C. § 841(a)(1), and four weapons offenses, *see* 18 U.S.C. § 922(g). Using the 2001 version of the

---

[*] The Honorable Judge R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

guidelines, the district court (1) grouped the counts, *see* U.S.S.G. § 3D1.2(c), (2) identified the highest base-offense level as 30, *see id.* § 2D1.1(c)(5), (3) applied a 2-level enhancement for possession of a firearm, *see id.* § 2D1.1(b)(1), (4) applied a 2-level enhancement for obstruction of justice, *see id.* § 3C1.1, (5) calculated a guidelines range of 262–327 months and (6) sentenced Mitchell to 288 months' imprisonment.

Mitchell appealed his conviction (though not his sentence) to our court. We affirmed his conviction. *See United States v. Mitchell*, 104 F. App'x 544 (6th Cir. July 14, 2004). Challenging his sentence for the first time through a petition for rehearing, we granted the petition, vacated his sentence and remanded the case for resentencing in light of *Booker*. *See* Order at 1, United States v. Mitchell, No. 03-5108 (6th Cir. Apr. 4, 2005).

At resentencing, the district court calculated the same guidelines range as it did the first time, but it chose to impose a lower sentence—262 months.

II.

On appeal, Mitchell argues that the district court committed two errors in calculating his guidelines range: (1) it engaged in double counting when it gave him a possession-of-a-firearm enhancement, and (2) it incorrectly enhanced his sentence based on obstruction of justice. Br. at 9.

A.

Impermissible double counting occurs "when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Patterson*, 145 F. App'x 988, 994–95 (6th Cir. Aug. 25, 2005); *United States v. Young*, 266 F.3d 468, 485 (6th Cir.2001). We give fresh review to a double-counting challenge. *See United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006).

Attempting to invoke this prohibition, Mitchell argues that the "firearm offense" already had been accounted for "when the counts were grouped in order to obtain the base offense level." Br. at 11. We disagree. For one, as Mitchell properly concedes in the next sentence of his brief, "the grouping process did not increase [his] base offense level [more] than what it would have been already under count three." *Id*. For another, we have previously held that an enhancement for possession of a firearm, *see* U.S.S.G. § 2D1.1(b)(1), after a district court has grouped a defendant's drug and gun offenses, *see* U.S.S.G. § 3D1.2(c), does not amount to impermissible double counting. *See United States v. Taylor*, 248 F.3d 506, 517 (6th Cir. 2001); *see also United States v. Henderson*, 129 F. App'x 949, 951–52 (6th Cir. Apr. 28, 2005) (observing that "the drug charges and the felon in possession of a firearm charge . . . are separate offenses with different requirements").

In *United States v. Henderson*, for example, we faced the precise situation now before us. "[T]he drug and firearm offenses in this case," we noted, "were grouped in arriving at the appropriate sentencing range under the Guidelines." 129 F. App'x at 952. Yet because grouping requires the district court to use the highest offense level, we explained that "the firearm charge, with its enhancement, was effectively disregarded in arriving at the offense level." *Id*. The same is true here.

Under these precedents, the district court did not err in applying the weapons-possession enhancement—an enhancement it found to be "fully appropriate in this case," Resentencing Tr. at 22—after grouping Mitchell's drug and weapons charges. *See, e.g.*, *Henderson*, 129 F. App'x at 952; *Taylor*, 248 F.3d at 517.

B.

We use a "three-step process to review a district court's decision to impose a sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1." *United States v. Dykes*, No. 03-6109, 2006 WL 960520, at *2 (6th Cir. Apr. 14, 2006) (citing *United States v. Chance*, 306 F.3d 356, 389 (6th Cir. 2002)). First, we review the district court's factual findings for clear error. *Id*. Second, we give fresh review to the district court's "conclusion that the facts constitute an obstruction of justice." *Id*. Third, we give fresh review to the application of the enhancement itself. *Id*. The only question here, Mitchell claims, is whether these "facts constitute an obstruction of justice," a question that gets fresh review.

A district court may apply the obstruction-of-justice enhancement:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . .

U.S.S.G. § 3C1.1. The commentary to § 3C1.1 provides a "non-exhaustive list" of conduct that a district court may use to apply this enhancement, which includes "providing materially false

information to a judge." *Id*. at n.4(f). The commentary further defines "material" as "any information that, if believed would tend to influence or affect the issue under determination." *Id*. at n.6.

The record amply supports the district court's conclusion that Mitchell's conduct warranted an obstruction-of-justice enhancement. Despite incontrovertible evidence identifying his voice on a series of recorded calls from jail, Mitchell testified at his suppression hearing that he never made these calls. And even after the district judge warned Mitchell that "if [he was] ultimately convicted . . . and [he was] found to have given false testimony at [the] hearing . . . that could be used to enhance [his] sentence," Suppression Tr. at 37, he persisted in his denials.

By giving false testimony in an attempt to suppress the drugs and firearms seized by police during the execution of the search warrant—drugs and firearms that formed the basis for the charges against him—Mitchell thus attempted "to influence or affect the issue under determination." U.S.S.G. § 3C1.1 n.6. The district court concluded as much, saying that it believed Mitchell "deliberately set out to impede the prosecution of the case. He didn't succeed, but he tried, and it was directly related to his offense of conviction." Resentencing Tr. at 26–27.

Though Mitchell makes much of the fact that his numerous false statements did not change the outcome—which, in his view, demonstrates that those statements were not "material"—that would be true *anytime* a defendant tried, but failed, to obstruct justice. The fact remains that he willfully attempted to obstruct the administration of justice in his case. *See* U.S.S.G. § 3C1.1. The

materiality requirement does not excuse willful, yet unsuccessful, attempts to obstruct justice, *United States v. Latevola*, 43 F. App'x 873, 879 (6th Cir. Aug. 8, 2002); *see also United States v. Aideyan*, 11 F.3d 74, 76 (6th Cir. 1993), and Mitchell not surprisingly offers no precedent to the contrary.

## III.

For these reasons, we affirm.