**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4044

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LINCOLN MONROE BROCK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:03-cr-00429-JAB)

Submitted: September 26, 2007      Decided: November 5, 2007

Before NIEMEYER and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court upon appeal from resentencing in light of United States v. Booker, 543 U.S. 220 (2005). Lincoln Monroe Brock first appealed his conviction and sentence in 2004. In an unpublished opinion, we affirmed Brock's convictions but remanded his case for resentencing. United States v. Brock, 173 F. App'x 199 (4th Cir. Feb. 28, 2006) (No. 04-4712). On remand, the district court sentenced Brock to 176 months' imprisonment. Brock's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she maintains that there are no meritorious issues for appeal. For the reasons set forth below, we affirm.

In a six-count superseding indictment, a federal grand jury charged Brock with four counts of distribution of crack cocaine and one count of possession with intent to distribute crack cocaine; specific drug quantities were charged in each count.[1] At Brock's resentencing hearing, the district court adopted the

---

[1] As to the first count, Brock was charged with distributing 1.2 grams of crack cocaine ("Count One"); the second count, 0.5 grams of crack cocaine ("Count Two"); and the third count, 1.1 grams of crack cocaine ("Count Three"), all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). In the fourth count, Brock was charged with distributing 13.6 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000) ("Count Four"). The fifth count charged Brock with possessing with intent to distribute 6.7 grams of crack cocaine, also in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Lastly, Brock was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000).

guidelines application set forth in the presentence report ("PSR") prepared by the probation officer.[2]  Brock's total offense level, 30, coupled with a criminal history category of VI yielded a guidelines range of 168 to 210 months' imprisonment.  USSG ch. 5, pt. A, sentencing table (2003).

Brock did not object to the guidelines calculation, but he argued that the court should sentence him at the low end of the guidelines range based on the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp 2006).  The district court sentenced Brock to 176 months' imprisonment on Counts One, Two, and Three (concurrent), 176 months on Counts Four and Five, to be served concurrently to the sentence imposed for Counts One through Three, and 120 months on Count Six, also to be served concurrently.

[2]In detailing Brock's relevant conduct, 25 grams of crack and 6.4 grams of powder cocaine were attributed to Brock.  Combined, these narcotics converted to 501.28 kilograms of marijuana.  U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.10, drug equivalency tables (2003) ("USSG").  The PSR also noted that police officers seized a shotgun from Brock's residence at the same time that they seized 6.7 grams of crack cocaine.

Counts One through Five were grouped together pursuant to USSG § 3D1.2(d) (2003), and, as converted, the aggregate drug quantity resulted in a base offense level of 28.  USSG § 2D1.1(c)(6) (2003).  Because Count Four charged the greatest overall quantity and provided for an increased statutory mandatory minimum, it was designated the lead count for the grouped offenses. Count Four was then grouped with Count Six, pursuant to USSG § 3D1.2(c) (2003), because Brock's possession of the firearm was a specific offense characteristic of the narcotics distribution offenses.  Because the adjusted offense level for Count Six, 24, was lower than that of grouped offenses, Count Four determined the controlling guideline.  USSG § 3D1.3(a) (2003).  Brock's base offense level was then increased two levels because Brock possessed a firearm.  USSG § 2D1.1(b)(1) (2003).

Counsel's <u>Anders</u> brief identifies no issues for our consideration, but mentions the presumption of reasonableness accorded to within-guidelines sentences as a possible basis for appeal. In his pro se supplemental brief and supplements thereto, Brock asserts that the district court erred in calculating his adjusted offense level and determining his criminal history category, and maintains that the district court should have considered his argument that one of the police officers involved in investigating his case tampered with the seized narcotics. Brock also challenges the Government's 21 U.S.C. § 851 (2000) information and the resulting enhanced statutory penalty, and contends that the Government knowingly permitted one of its witnesses to commit perjury at Brock's trial.

Because Brock did not raise any of his challenges to the calculation of his guidelines range in the district court, our review is for plain error. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005); <u>United States v. Martinez</u>, 277 F.3d 517, 524 (4th Cir. 2002). Under the plain error standard, Brock must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 736 (internal quotation marks omitted). The

burden of showing plain error is on the defendant.  United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

All three of Brock's challenges to the sentencing calculations fail.  First, the probation officer properly applied the two-level enhancement for possession of a firearm.  USSG § 2D1.1(b)(1).  The PSR explained that a firearm was seized from Brock's residence at the same time that 6.7 grams of crack cocaine were seized, and Brock provided no rebuttal or refutation of this assertion; thus, it cannot be said that the district court committed any error, let alone plain error, in finding possession of this firearm was a specific offense characteristic of the narcotics offense.[3]

Brock next asserts that the district court improperly applied a four-level enhancement pursuant to USSG § 2K2.1(a)(4)(A) (2003), possession of a firearm in connection with another felony, because this fact was not charged in his indictment or proven to a jury beyond a reasonable doubt.  However, we need not consider the propriety of enhancing Brock's sentence based on this uncharged, unproven conduct because this argument is factually inaccurate.  Although the probation officer did "apply" this

_____

[3]Moreover, contrary to Brock's assertion, applying this enhancement does not result in improper double-counting because Brock's sentence was calculated based on the narcotics offenses, not his conviction for being a felon in possession of a firearm. See, e.g., United States v. Pierce, 388 F.3d 1136, 1138-39 (8th Cir. 2004) (collecting cases).

enhancement, she did so only to calculate Brock's offense level for the felon-in-possession charge in order to assess which of the grouped offenses yielded the higher offense level. Because Count Four had a higher adjusted offense level, it was used to determine Brock's guidelines range. Thus, there is no basis in fact for Brock's challenge to the application of this enhancement.

Lastly, Brock challenges the calculation of his criminal history category, arguing that his convictions were not proven with certified judgments of conviction. When challenging the district court's reliance on information in the presentence report in making findings, the defendant bears the burden of establishing that the information relied on by the district court is incorrect; mere objections are insufficient. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). At no point relevant to this proceeding has Brock asserted that any of his prior criminal convictions were invalid or offered any proof to contradict the criminal history calculation. In light of this lack of contrary evidence, Brock has failed to satisfy his burden of establishing plain error.

We next assess the reasonableness of Brock's sentence. This court affords sentences that fall within the properly calculated guidelines range a presumption of reasonableness, a presumption the Supreme Court permits. Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2459, 2462 (2007); United States v.

<u>Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006) (internal quotation marks and citation omitted).

As outlined above, the probation officer properly calculated Brock's guidelines range, which the district court adopted without objection. Brock's 176-month sentence falls within both the properly calculated guidelines range, 168 to 210 months' imprisonment, and the applicable statutory maximum. <u>See</u> 21 U.S.C. § 841(b)(1)(B) (authorizing a maximum sentence of life imprisonment for offenses involving more than five grams of crack cocaine committed by a defendant who has a prior felony narcotics conviction); USSG ch. 5, pt. A, sentencing table. Thus, Brock's sentence is presumptively reasonable and Brock provides no substantive argument to establish otherwise.

In his pro se brief, Brock asserts that the Government's § 851 information was insufficient to subject him to the enhanced penalties applicable under 21 U.S.C. § 841(b)(1)(A). Brock is correct in that the Government did identify the wrong statutory basis for seeking an enhanced penalty. However, the information nonetheless provided Brock notice of the Government's intent to seen an enhanced punishment, albeit under 21 U.S.C. § 841 (b)(1)(B), (C). As we find this error in the § 851 information to be merely clerical, we reject Brock's assertion that it forms a basis for vacatur or reversal of his sentence.

We further reject Brock's assertion that his prior narcotics conviction should not have been used as a predicate conviction because the drug quantity involved in that conviction did not meet the statutory threshold. However, the drug quantity involved in the prior narcotics conviction is not relevant; all that is relevant is that Brock had a prior felony conviction for a narcotics offense, a fact asserted by the Government in its § 851 information that stands unrefuted on the record.

Finally, the mandate rule precludes us from reviewing Brock's last two claims — that the Government knowingly permitted one of its witnesses to perjure himself at Brock's trial and that the district court should have considered his argument that a police officer might have tampered with the seized narcotics. The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). This court previously affirmed Brock's convictions, and our remand order was expressly limited to resentencing.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform her client, in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED