11-207-cr
*United States v. Frank Salcido*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:

JOSEPH M. MCLAUGHLIN,
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,

*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                          No. 11-207-cr

FRANK SALCIDO,

*Defendant-Appellant*.

---

EZEKIEL E. CORTEZ, San Diego, California, *for Defendant-Appellant*.

MONICA J. RICHARDS, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee*.

1

Appeal from an order of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*), entered December 16, 2010.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED.**

Defendant-Appellant Frank Salcido ("Salcido") appeals from a decision and order of the United States District Court for the Western District of New York, denying Salcido's petition for writ of error *coram nobis* to vacate his 1994 guilty plea on federal drug conspiracy charges. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

*      *      *

Relief under a writ of error *coram nobis* "is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Foont v. United States*, 93 F.3d 76, 78 (2d Cir.1996)); *see also Nicks v. United States*, 955 F.2d 161, 167 (2d Cir.1992) (stating that a writ of error *coram nobis* should be granted "only where extraordinary circumstances are present"). A writ of error *coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir.1998) (per curiam).

"To obtain *coram nobis* relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Mandanici*, 205 F.3d at 524 (quoting *Fleming*, 146 F.3d

2

at 90) (internal quotation marks omitted). On appeal, our review of whether a district judge applied the legal standard in considering a *coram nobis* petition is *de novo*, but we "review the judge's ultimate decision to deny the writ for abuse of discretion." *Id.*

Here, as an initial matter Salcido remains incarcerated, pursuant to his 1994 guilty plea and two other subsequent federal convictions. Beyond falling outside the paradigmatic scope of *coram nobis* relief, Salcido has also failed to adduce "sound reasons" for his failure to seek appropriate earlier relief for what he alleges to have been the failure of the district court that oversaw the 1994 guilty plea to comply with the requirements of Fed. R. Crim. P. 11. It is uncontested that Salcido did not challenge his 1994 conviction—on direct appeal, through a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2255, or indeed by any other means prior to the *coram nobis* petition at issue in the present appeal. And when Salcido was charged in 2005 with failing to report to serve his sentence on the 1994 conviction (and instead fleeing to Mexico and remaining a fugitive from 1994-2005), though represented by counsel he did not challenge the validity of that conviction then either, but rather pled guilty to the 2005 charges as well.

Salcido argues on appeal that this Court's decision in *Hanson v. Phillips*, 442 F.3d 789 (2d Cir. 2006), demonstrates that the district court erred in (allegedly) basing its denial of his petition on the doctrine of fugitive disentitlement; he additionally claims that his undisputed cognitive impairments provide a valid reason for failing to challenge his 1994 conviction more quickly. Yet, as *Hanson* recognizes, 442 F.3d at 795-796, "fugitive disentitlement" refers to the dismissal of appeals, or other petitions for relief of a fugitive defendant, as a *sanction* for that defendant's flight, *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239-242 (1993). Here, the issue is whether Salcido simply forfeited any direct or collateral challenge to the 1994 conviction by failing timely

3

to file such a challenge (because he was a fugitive during the time for doing so). As for Salcido's cognitive impairment, even without considering the period during which he was a fugitive, it is undisputed that he has had the benefit of assistance of counsel at least since 2005; Salcido does not attempt to justify his failure to bring his challenge to the 1994 conviction (by writ of *coram nobis* or otherwise) in the intervening period.

That the statute of limitations has run on both Salcido's right to appeal and his right to petition for a writ of *habeas corpus* to challenge his 1994 conviction does not change this analysis. Salcido, again, remains incarcerated pursuant to the conviction that he is challenging, and such a petitioner "cannot recapture [a] lost opportunity [to directly appeal or collaterally attack a conviction] by resorting to *coram nobis*," *United States v. Dos Santos*, 979 F. Supp. 949, 951 (E.D.N.Y. 1997) (citing *Foont*, 93 F.3d 76). While under the all Writs Act, 28 U.S.C. § 1651(a), a writ of error *coram nobis* provides an "extraordinary" remedy for petitioners to correct "errors of the most fundamental character," *United States v. Morgan*, 346 U.S. 502, 512 (1954), "[wh]ere a statute specifically addresses the particular issue at hand, it is that authority and not the All Writs Act, that is controlling," *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Though it thus follows that Salcido may have the opportunity to seek a writ of *coram nobis* when he has completed serving his sentence, the district court did not abuse its discretion in determining that Salcido failed to meet the stringent requirements of *coram nobis* relief in the present case.

We have reviewed Salcido's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4